**U.S. Department of Justice**

United States Attorney's Office
District of New Jersey
*Civil Division*

---

ROBERT FRAZER
UNITED STATES ATTORNEY

*Alexander Judka*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*
*Alexander.judka@usdoj.gov*

*main: (973) 645-2700*
*direct: (973)645-2825*

September 30, 2026

**BY ECF**
Honorable Jessica S. Allen, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**Re: *McGrath v. Mullin,* No. 26-cv-5037 (JXN) (JSA)**
**Request for 30-Day Extension of Deadline by Consent and Request to Stay Discovery Pending Motion to Dismiss**

Dear Judge Allen:

This Office represents Markwayne Mullin, in his official capacity (the "Federal Defendant"), in the above referenced employment discrimination matter brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a *et seq*. We write to respectfully request a 30-day extension of the Federal Defendant's deadline to file the proposed motion to dismiss. *See* ECF Nos. 11, 14. The Federal Defendant's current deadline is October 7, 2026. Should the Court grant this request, the new motion deadline would be November 6, 2026. Michael G. Kane, Esq., Plaintiff's counsel, consents to this request.

We respectfully submit that good cause exists for the extension. The undersigned Assistant United States Attorney ("AUSA") is leaving the United States Attorney's Office on Friday, October 2, 2026. Accordingly, a new AUSA will be reassigned to this matter. If this request is granted, the additional time will allow the newly reassigned AUSA time to review the case file and move the matter forward as appropriate.

Furthermore, the Court set an initial conference for November 16, 2026 and ordered the parties to file a joint discovery plan by November 11, 2026. *See* ECF No. 13. The Federal Defendant intends to move to dismiss this case in its entirety, ECF

No. 11,[1] and respectfully submits this letter to request an adjournment of the initial conference and a stay of discovery until the Court resolves the forthcoming motion. *See* Local Civ. R. 16.1(a) (providing that the Court may defer the Rule 16 conference "due to the pendency of a dispositive or other motion"). Plaintiff's counsel has consented to this request.

"[I]t is well-settled that 'it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Gibly v. Best Buy Co.*, No. 21-14531 2022 WL 2413906, at *3 n.4 (D.N.J. Mar. 7, 2022) (quoting *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010)). The Court "need not form an opinion as to the merits of the pending dispositive motion" to stay discovery, as long as the motion "does not appear to be without foundation in law or otherwise frivolous." *Baquero v. Mendoza*, No. 18-15081, 2019 WL 13250988, at *2 n.3 (D.N.J. Mar. 13, 2019) (cleaned up). Courts also consider whether granting a stay would unduly prejudice or tactically disadvantage Plaintiff; whether denial of a stay would create a hardship for Defendants; whether a stay would simplify the case; and the status of the case. *See, e.g.*, *Gibly*, 2022 WL 2413906, *3 & nn. 4–5.

The Federal Defendant respectfully submits that the balance of equities favors a stay in this case. As a threshold matter, Defendant's forthcoming motion to dismiss is not "without foundation." The Federal Defendant has argued that Plaintiff has failed to state a viable claim. *See* ECF No. 11.

Moreover, this matter is in its infancy, and so a temporary stay of discovery while the Court decides Defendants' motion would not cause Plaintiff any litigation prejudice or a tactical disadvantage in the prosecution of his case. *See Baquero*, 2019 WL 13250988, at *2 n.3 (considering infancy of lawsuit and lack of trial date, in granting stay pending motion to dismiss). Indeed, Plaintiff consents to this request. By contrast, "denial of a stay might create a hardship for Defendant[ ] if [it is] required to engage in discovery which would be rendered moot" should certain claims, or discrete adverse actions, be dismissed. *Gibly*, 2022 WL 2413906, at *3 n.5.

As pleaded, the complaint encompasses one count for relief. *See* Compl. ¶¶ 19a-19e, ECF No. 1. A ruling on the motion to dismiss could potentially and significantly alter the scope of the case, as it may result in the outright dismissal of Plaintiff's claims or at least a narrowing of the claims or issues that require discovery. *See Gibly*, 2022 WL 2413906, at *3 n.5 ("[E]ven a partial dismissal would simplify the issues for both trial and discovery."); *see also Baquero*, 2019 WL 13250988, at *2 n.3 (granting stay pending resolution of motion to dismiss because "a ruling on the pending motion to dismiss may streamline the scope of discovery."). Accordingly, staying discovery pending resolution of the motion would preserve the parties'

[1] On September 30, 2026, the Court indicated that a pre-motion conference would not be productive at this time and directed the Federal Defendants to proceed by filing its proposed motion. *See* ECF No. 14.

resources and promote judicial economy, while occasioning minimal if any prejudice to either party.

For these reasons, the Federal Defendant respectfully requests, with Plaintiff's consent, that the Court permit a thirty (30) day extension of the deadline to file the motion to dismiss, adjourn the initial conference, and stay all discovery until a decision on the forthcoming motion to dismiss.

If this proposal is acceptable to the Court, we respectfully request that Your Honor so-order this letter and have the Clerk's Office file it on the docket. Thank you for your consideration of this request.

Respectfully submitted,

ROBERT FRAZER
UNITED STATES ATTORNEY

By: *s/Alexander Judka*
ALEXANDER JUDKA
Assistant United States Attorney
*Attorneys for Federal Defendant*

**So ORDERED on 10/1/2026:**

**JULIEN XAVIER NEALS**
**United States District Judge**